# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4356 | **DATE** | October 16, 2012 |
| **CASE TITLE** | McMahan et al. v. Deutsche Bank AG et al. | | |

**DOCKET ENTRY TEXT:**

Defendants Deutsche Bank AG and Deutsche Bank Securities, INC's motion to dismiss for failure to state a claim [19] is ENTERED AND CONTINUED. Defendants American Express Tax and Business Services, INC. and Robert Goldstein's motion to compel arbitration and motion to dismiss [17] is ENTERED AND CONTINUED. The case is ordered STAYED in its entirety pending the Illinois Supreme Court's determination of the appeal in *Khan v. Grant Thornton, LLP* (No. 112223).

## STATEMENT

This case arises out of Defendants' alleged involvement with a conspiracy to create, market, and sell an illegal "Son of BOSS" tax shelter scheme to Plaintiffs in 2001. Specifically, the Complaint alleges that Defendants presented Plaintiffs with an ostensibly legitimate investment strategy that Defendants claimed had a reasonable likelihood of generating profits, but if not, any losses incurred could be used to offset other taxable gains. However, the Complaint alleges Defendants knew there was no chance the plan would generate profits, and the IRS had already caught on to the scheme and declared it to be without economic substance, meaning the IRS would not allow Plaintiffs to use Son of BOSS losses to offset legitimate capital gains. The alleged scheme did indeed fail–not only did it fail to generate any profits, but in 2010, Plaintiffs entered into an agreement with the IRS to pay back taxes and associated penalties for their participation in Son of BOSS. This suit followed.

Before the court are Defendants' various motions to dismiss, compel arbitration and stay the case. For purposes of judicial economy, avoidance of piecemeal litigation, and to save the parties from potentially unnecessary litigation costs, I am staying this case in its entirety pending the Illinois Supreme Court's resolution of the appeal in *Khan v. Grant Thornton, LLP* (No. 112223). The primary question on appeal to the Illinois Supreme Court is: when does a taxpayer's claim accrue against an accountant for damages arising out of increased tax and related liabilities to the IRS as a result of the accountant's negligence? In *Khan v. BDO Seidman, LLP*, 408 Ill.App.3d 564 (4th Dist. 2011) the Illinois appellate court held that such claims accrue on the earlier of the date of final assessment by the IRS or the taxpayer's agreement to pay the IRS additional tax and related liabilities. This, however, can be read as a break from Illinois' traditional discovery rule, which says a claim accrues when a party knows or reasonably should know that any injury has occurred and that it was wrongful, even if the full extent of the injury is not yet known. *See Clay v. Kuhl*, 189 Ill.2d 603, 611 (2000); *Feltmeier v. Feltmeier*, 207 Ill.2d 263, 279 (2003). At bottom, this question turns on how

| STATEMENT |
|---|

injury is defined in cases where taxpayers participate in unlawful or invalidated tax avoidance strategies as a result of a third party's wrongful inducement or negligence.

The answer to this question is potentially determinative for all of Plaintiffs' claims. Plaintiffs bring claims of civil conspiracy, common law fraud, negligent misrepresentation, violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), breach of fiduciary duty, assisting in the breach of fiduciary duty, breach of contract, and accounting malpractice against Defendants for their role in an alleged plot to create, market and sell an unlawful tax shelter scheme to Plaintiffs in 2001. The seven common law tort claims are subject to a five-year statute of limitations period under Illinois law, 735 ILCS 5/13-205, and the ICFA claim is subject to a three-year statute of limitations. 815 ILCS 505/10a(e). On the face of the complaint, it is apparent that a reasonably diligent person should have known prior to June 5, 2007 (five years before the complaint was filed) of the possibility that Defendants had engaged in an unlawful tax shelter scheme.[1] Compl. ¶¶ 8, 58, 65, 96, 99, 103. This knowledge would typically trigger a duty for persons in Plaintiffs' position to investigate the possibility that they were injured by the scheme. *See Becnel v. Deutsche Bank AG*, 838 F.Supp.2d 168, 173 (S.D.N.Y. Dec. 21, 2011). However, depending on how injury is defined here, it is possible that no reasonable investigation prior to June 5, 2007, would have uncovered injury because it had not yet occurred.[2] *See Khan v. BDO*, 408 Ill. App.3d 564, 597 (4th Dist. 2011) ("Obviously, a party cannot become subjectively aware of damages unless the damages objectively exist, that is, unless the party has in fact incurred a loss for which the party presently could seek compensation in court.").

So whether Plaintiffs' claims are barred by the statute of limitations turns entirely on how injury is defined in this case. It is plausible to conceive of the injury as beginning at the time Plaintiffs paid fees to the Defendants for their services. *See Moorehead v. Deutsche Bank AG*, No. 11 C 106, 2011 WL 4496221 at *6 (N.D. Ill. Sept. 26, 2011). But it is also plausible to conceive of injury as occurring only when the IRS comes after the taxpayers for back taxes and penalties. *See Khan*, 408 Ill. App.3d 564. After all, even if the tax shelter scheme never had the possibility of being profitable for the Plaintiffs, the losses they incurred and the deductions this allowed them to take on their taxes may very well have left them materially better off than they otherwise would have been had they simply paid the taxes they owed up front. If this is so, it is only when the IRS came knocking that Plaintiffs suffered any meaningful damages. This is what the Illinois Appellate Court was getting at in *Khan* when it discussed the need to avoid giving taxpayers an "unjust windfall." *See Khan*, 408 Ill. App.3d at 601. How injury should be defined in this case is purely a question of state law and it is precisely what the Illinois Supreme Court will determine. I will await the Court's decision before proceeding here.[3]

1. Plaintiffs' assertion that a district court may not dismiss claims on statute of limitations grounds under 12(b)(6) is wrong. Although the statute of limitations is ordinarily an affirmative defense that must be pleaded under Fed. R. Civ. P. 8(cc), a district court may dismiss under Rule 12(b)(6) a claim that, on its face, is indisputably time-barred. *See Perry v. Sullivan*, 207 F.3d 379, 382 (7th Cir. 2000).

2. Illinois courts developed the discovery rule to prevent the "harsh outcome" of the limitations period running on someone who has been injured before they have reason to know it was wrongful (i.e. actionable). *Khan*, 408 Ill. App.3d at 596. This case is tricky because, in some ways, it presents the exact inverse scenario: Plaintiffs may have had reason to know the tax shelter scheme was wrongful before they knew whether they would be injured (if the injury

itself required a third party–the IRS–to take action).

3. I have carefully examined Defendants' arguments that Plaintiffs' claims fail as a matter of law. At this point, I have determined that at least some claims will go forward against all Defendants if the Illinois Supreme Court decides *Khan* in Plaintiffs' favor. If this happens, I will issue another opinion and order addressing all of the claims on their merits.